UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

COREY LAMAR HOWELL,

        Plaintiff,

v.                                    Case No. 3:21-cv-659-MMH-JBT

E. PEREZ-LUGO, et al.,

        Defendants.

_____

## ORDER

Plaintiff Corey Howell, an inmate of the Florida penal system, initiated this action on June 25, 2021, by filing a pro se Civil Rights Complaint (Complaint; Doc. 1) under 42 U.S.C. § 1983. The Court dismissed the Complaint without prejudice because of the conclusory nature of his allegations and afforded Howell an opportunity to amend. See Doc. 2. Before the Court is Howell's amended complaint pursuant to § 1983 (Amended Complaint; Doc. 6), along with a motion to proceed in forma pauperis (Doc. 7). Howell names E. Perez-Lugo, A. Robinson, M. Tomlinson, and Centurion/MHM Services as Defendants. Howell asserts that Defendants unnecessarily and wantonly inflicted pain on him in violation of the Eighth and Fourteenth Amendments because they refused to give him a suppository for his irritable bowel syndrome.

The Court must read a plaintiff's pro se allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519 (1972). To state a § 1983 claim, a plaintiff must allege that (1) a federal official acting under the color of federal law (2) deprived him of a right secured by the United States Constitution. Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir. 1990). Moreover, the Eleventh Circuit "requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation." Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986). In the absence of a federal constitutional deprivation or violation of a federal right, a plaintiff cannot sustain a cause of action against the defendant. More than conclusory and vague allegations are required to state a cause of action under 42 U.S.C. § 1983. See L.S.T., Inc., v. Crow, 49 F.3d 679, 684 (11th Cir. 1995) (per curiam); Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984). As such, "'conclusory allegations, unwarranted deductions of facts, or legal conclusions masquerading as facts will not prevent dismissal.'" Rehberger v. Henry Cty., Ga., 577 F. App'x 937, 938 (11th Cir. 2014) (per curiam) (citation omitted). In the absence of well-pled facts suggesting a federal constitutional deprivation or violation of a federal right, Howell cannot sustain a cause of action against the Defendants.

A civil rights complaint must include a short and plain statement of the claim showing that the plaintiff is entitled to relief. Fed. R. Civil P. 8(a)(2). While not required to include detailed factual allegations, a complaint must

allege "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Indeed, a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557 (2007)). A plaintiff must allege sufficient facts "that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Pursuant to the Eighth Amendment of the United States Constitution, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. The Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)). "To establish an Eighth Amendment violation, a prisoner must satisfy both an objective and subjective inquiry regarding a prison official's conduct." Oliver v. Fuhrman, 739 F. App'x 968, 969 (11th Cir. 2018) (citing Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). The Eleventh Circuit has explained:

> Under the objective component, a prisoner must allege a condition that is sufficiently serious to violate the Eighth Amendment. Id. The challenged condition

> must be extreme and must pose an unreasonable risk
> of serious damage to the prisoner's future health or
> safety. Id. The Eighth Amendment guarantees that
> prisoners are provided with a minimal civilized level
> of life's basic necessities. Id.
>
> Under the subjective component, a prisoner
> must allege that the prison official, at a minimum,
> acted with a state of mind that constituted deliberate
> indifference. Id. This means the prisoner must show
> that the prison officials: (1) had subjective knowledge
> of a risk of serious harm; (2) disregarded that risk; and
> (3) displayed conduct that is more than mere
> negligence. Farrow v. West, 320 F.3d 1235, 1245 (11th
> Cir. 2003).

Id. at 969-70. "To be cruel and unusual punishment, conduct that does not

purport to be punishment at all must involve more than ordinary lack of due

care for the prisoner's interests or safety." Whitley v. Albers, 475 U.S. 312, 319

(1986).

As it relates to medical care, "[t]he Supreme Court has interpreted the

Eighth Amendment to prohibit 'deliberate indifference to serious medical

needs of prisoners.'" Melton v. Abston, 841 F.3d 1207, 1220 (11th Cir. 2016)

(quoting Estelle v. Gamble, 429 U.S. 97, 102 (1976)). The Eleventh circuit has

explained that

> To prevail on a deliberate indifference claim, [a
> plaintiff] must show: "(1) a serious medical need; (2)
> the defendants' deliberate indifference to that need;
> and (3) causation between that indifference and the
> plaintiff's injury." Mann v. Taser Int'l, Inc., 588 F.3d
> 1291, 1306-07 (11th Cir.2009). To establish deliberate
> indifference, [a plaintiff] must prove "(1) subjective

4

> knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." <u>Townsend v. Jefferson Cnty.</u>, 601 F.3d 1152, 1158 (11th Cir.2010) (alteration in original). The defendants must have been "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]" and then actually draw that inference. <u>Farrow v. West</u>, 320 F.3d 1235, 1245 (11th Cir.2003) (quotation omitted).

<u>Easley v. Dep't of Corr.</u>, 590 F. App'x 860, 868 (11th Cir. 2014). "For medical treatment to rise to the level of a constitutional violation, the care must be 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" <u>Nimmons v. Aviles</u>, 409 F. App'x 295, 297 (11th Cir. 2011) (quoting <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1505 (11th Cir.1991)); <u>see also</u> <u>Waldrop v. Evans</u>, 871 F.2d 1030, 1033 (11th Cir. 1989) ("Grossly incompetent or inadequate care can constitute deliberate indifference, as can a doctor's decision to take an easier and less efficacious course of treatment" or fail to respond to a known medical problem). However, the law is well settled that the Constitution is not implicated by the negligent acts of corrections officials and medical personnel. <u>Daniels v. Williams</u>, 474 U.S. 327, 330-31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344, 348 (1986) ("As we held in <u>Daniels</u>, the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials."). A complaint that a physician has been negligent "in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under

the Eighth Amendment." <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1176 (11th Cir. 2011) (quotation marks and citation omitted). Moreover, the Eleventh Circuit has noted that "[n]othing in our case law would derive a constitutional deprivation from a prison physician's failure to subordinate his own professional judgment to that of another doctor; to the contrary, it is well established that 'a simple difference in medical opinion' does not constitute deliberate indifference." <u>Bismark v. Fisher</u>, 213 F. App'x 892, 897 (11th Cir. 2007) (quoting <u>Waldrop</u>, 871 F.2d at 1033). Similarly, "the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." <u>Adams v. Poag</u>, 61 F.3d 1537, 1545 (11th Cir. 1995) (citation omitted).

Here, Howell has not presented sufficient allegations to support a claim for an Eighth Amendment violation. His claims are conclusory in nature and devoid of specific facts that would allow the Court to draw reasonable inferences that Defendants were deliberately indifferent to a serious medical need. Additionally, Howell does not ask for any relief from this Court. The Court afforded Howell an opportunity to amend and present more than conclusory allegations, but his Amended Complaint suffers from the same deficiencies as his original Complaint. Thus, because Howell has not corrected

the pleading deficiencies despite being afforded an opportunity to do so, this action is due to be dismissed for his failure to state a claim upon which relief can be granted. See Skyles v. McCoy, 730 F. App'x 769, 771 (11th Cir. 2018) (concluding that where district court gave plaintiff opportunity to amend complaint, but plaintiff failed to correct deficiencies in amended complaint, the district court was not obligated to permit the plaintiff a second opportunity to amend).

In light of the above, it is

**ORDERED** that:

1.      This action is **DISMISSED WITHOUT PREJUDICE**.

2.      The Clerk of Court shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the case.

**DONE AND ORDERED** at Jacksonville, Florida, this 8th day of October, 2021.

**MARCIA MORALES HOWARD**
United States District Judge

Jax-8

c:  Corey Lamar Howell #J56416